UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EASTSTAR SOLUTIONS, LTD. and
CUI ENTERPRISES, LTD.,**
         **Plaintiffs,**

    v.                                      Case No. 16-C-1551

**RONALD OWENS,
OWENS SALED, LTD., and
VANOWENS FOOTWEAR,**
         **Defendants.**

---

## DECISION AND ORDER

This case involves a dispute between former business associates. According to the allegations of the complaint, in approximately 2009, the plaintiffs entered into an agreement to manufacture shoes in China and sell them to retailers in North America. Plaintiff Cui Enterprises, Ltd., a Chinese company, was responsible for procuring the shoes in China. Plaintiff EastStar Solutions, Ltd., a Wisconsin company, oversaw the importation of the shoes into North America and their distribution to retail outlets. EastStar also owns the registered trademarks for the shoes, which relate to the brand name "Mojo Moxy."

The plaintiffs allege that, in 2009, EastStar hired defendant Ronald Owens as its sales agent. According to the plaintiffs, they hired Owens as an independent contractor to solicit shoe orders from retailers in North America. The plaintiffs allege that EastStar paid Owens a commission of 6–11% per order. They allege that EastStar paid the commissions to a company called Owens Sales, Ltd., and possibly also to a company called Vanowens Footwear, which is either a sole proprietorship or a partnership

affiliated with Owens. The plaintiffs allege that Owens worked as their sales agent until November 1, 2016, when he terminated his relationship with the plaintiffs.

Owens contends that he was more than a sales agent. He contends that, in 2009, the parties formed a joint venture to import and sell shoes in North America. According to Owens, Cui Enterprises held a 50% interest in the venture, Owens Sales held a 30% interest, and EastStar held a 20% interest. Owens contends that the parties agreed to split the joint venture's profits in accordance with their respective ownership interests.

For several years, the parties did business without incident. But in October 2015, a dispute arose between Owens and the plaintiffs. According to the plaintiffs, in that month, Owens accused Grace Cui (the owner of Cui Enterprises) and Greg Guerard (one of the owners of EastStar) of stealing from him. He made these accusations during a meeting the parties had at Cui's offices in China. The plaintiffs describe Owens's behavior at this meeting as hostile, and they contend that he accused Cui of "padding" her bills. The plaintiffs allege that, during this meeting, Owens threatened to tell customers that the plaintiffs were no longer able to fill orders, and that any existing orders in progress would be cancelled, unless the plaintiffs agreed to pay him additional compensation. The plaintiffs allege that they acceded to Owens's demands because he managed the customer relationships, and they feared that if Owens falsely told customers that the plaintiffs could not fill orders, the customers would believe him and cancel their orders, leaving the plaintiffs with unsold inventory. The plaintiffs contend that between October 2015 and November 1, 2016—when Owens terminated his relationship with the plaintiffs—Owens made disparaging comments about Mojo Moxy

products and caused customers to cancel their orders. The plaintiffs bring claims for damages based on the lost sales, and for recovery of the additional compensation that Owens "extorted" from them during the October meeting in China.

Owens describes the October 2015 meeting differently. However, he does not dispute that he accused Cui of padding her bills. Indeed, he has filed a counterclaim, in the name of Owens Sales, Ltd., alleging that Cui, with EastStar's knowledge, falsely reported to the alleged joint venture the cost of procuring the shoes. Owens contends that, under the terms of the joint venture, Cui was to procure the shoes from manufacturers and be reimbursed for the unit price charged by the manufacturers. Owens alleges that when Cui reported unit prices for shoes to the joint venture, she secretly included a mark-up for herself. Owens alleges that Cui shared some of this secret profit with EastStar, and he contends that this scheme injured him by diluting his share of the joint venture's profits. He brings claims for conversion and civil theft to recover the secret profit. In addition, Owens alleges that the joint venture failed to pay him his share of the joint venture's profits for periods after September 2016.

The parties have filed cross-motions for summary judgment. The plaintiffs seek summary judgment on Owens's counterclaims, and Owens seeks summary judgment on the plaintiffs' claims. However, before I may decide these motions, I must confirm that I have subject-matter jurisdiction. *See, e.g., Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017) (federal courts have an obligation to assure themselves of their own jurisdiction).

When the plaintiffs filed this action, they alleged two grounds for federal jurisdiction. First, they alleged that jurisdiction is proper under 28 U.S.C. § 1338—which

3

grants federal courts exclusive jurisdiction over claims relating to, among other things, trademarks—because they assert claims based on the Mojo Moxy trademarks. However, only a small part of this case relates to trademarks, and the bulk of the plaintiffs' claims are based on state law, including claims for breach of contract, breach of fiduciary duty, and tortious interference with business relationships. The plaintiffs do not allege that I could exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over the state-law claims. Instead, the plaintiffs allege that jurisdiction over these claims is proper under the diversity jurisdiction, 28 U.S.C. § 1332. Owens, in his counterclaim, also alleges that federal jurisdiction exists only under § 1332.

For jurisdiction to exist under § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interests and costs. Both the complaint and the counterclaim allege that more than $75,000 is at stake in this case, so the amount-in-controversy requirement is satisfied. *See, e.g., McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). However, as explained below, the parties have not shown that the parties are diverse.

When a case is commenced, the facts necessary to support jurisdiction must be alleged in the pleadings. *See* Fed. R. Civ. P. 8(a)(1); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).[1] The plaintiffs' complaint properly alleges the facts necessary to show that EastStar is a citizen of Wisconsin and that Cui Enterprises is a citizen of China, in that it alleges that both entities are incorporated under the laws of these

---

[1] *Lujan* addressed the requirements for proving the factual basis for standing to sue under Article III of the U.S. Constitution, rather than the requirements for proving the parties' citizenships for diversity purposes. But because standing and diversity jurisdiction are both elements of federal subject-matter jurisdiction, the manner of proving the underlying facts are the same.

4

respective places and have their principal places of business in those places.  *See* 28 U.S.C. § 1332(c)(1).  However, the complaint does not allege facts that enable me to identify the citizenships of Ronald Owens, Owens Sales, or Vanowens Footwear.  The complaint alleges that Ronald Owens is a "resident" of Texas.  (Compl. ¶ 3.)  But for purposes of diversity jurisdiction, the citizenship of an individual is determined by his or her domicile.  *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).  A person's domicile is the state in which he or she intends to live over the long run.  *Id.*; *see also Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir.1996) (domicile is determined by physical presence in a state and an intent to remain there).  A person's residence may or may not be the same as his or her domicile, and therefore an allegation of "residence" is deficient.  *Heinen*, 671 F.3d at 670.

Regarding Owens Sales, the complaint alleges that it is a limited partnership organized under Texas law with a principal place of business in Texas.  But the citizenship of a limited partnership is not determined by its state of organization and principal place of business.  Rather, a limited partnership is a citizen of each state of which its partners are citizens.  *See, e.g., White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).  The complaint does not identify the partners of Owens Sales or their citizenships, and thus the citizenship of Owens Sales cannot be determined.

As for Vanowens Footwear, the complaint alleges that it is either a partnership or a sole proprietorship.  If it is a sole proprietorship, then it is not a suable entity separate from the proprietor.  *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).  If it is a partnership, then, like with Owens Sales, its citizenship is determined by the citizenship

of its partners. But the complaint does not identify the partners of Vanowens Footwear or their citizenships. Thus, the citizenship of Vanowens Footwear cannot be determined.

In its counterclaim, Owens Sales alleges that it is a Texas limited liability company that is "owned and operated by" Ronald Owens. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See White Pearl*, 647 F.3d at 686. The allegation that Ronald Owens "owns and operates" Owens Sales is arguably an allegation that he is the sole member of the limited liability company. However, the counterclaim does not identify the state in which Ronald Owens is domiciled, and thus neither his citizenship nor Owens Sales's citizenship can be determined.

So far, I have only discussed the jurisdictional facts alleged in the pleadings. But we are no longer at the pleading stage of this case, for the parties have filed motions for summary judgment. At the summary-judgment stage, the facts necessary to establish diversity jurisdiction must be supported by affidavits or other forms of evidence that a court may consider when deciding a motion for summary judgment. *See Lujan*, 504 U.S. at 561. However, the parties' motions for summary judgment do not address or provide evidentiary support for their jurisdictional allegations.

Because of these problems, I will require the parties to submit supplemental materials to confirm that I may exercise federal jurisdiction over their state-law claims. As all parties wish to be in federal court, it would seem to be easiest for them to simply confer with each other and stipulate to the facts necessary to establish diversity of citizenship. *See* Civil L.R. 56(b)(5) (E.D. Wis. 2010) (allowing parties to stipulate to

undisputed facts). If the parties cannot stipulate to these facts, then each party will have to submit affidavits (or other forms of evidence that I may properly consider at the summary-judgment stage) to support their respective positions as to the parties' citizenships. In either event, the facts that need to be supported are the following: (1) the place of incorporation and principal place of business of both EastStar and Cui Enterprises; (2) Ronald Owens's domicile; (3) the form of organization of Owens Sales and Vanowens Footwear; and (4) assuming that Owens Sales and Vanowens Footwear are organized as partnerships or limited liability companies, the identity of all partners or members and the citizenships of all partners or members. If Vanowens Footwear is a sole proprietorship, then it should either be dropped from the case because it is not a suable entity, or, if the proprietor is someone other than Owens, the proprietor should be substituted as the real party in interest under Federal Rule of Civil Procedure 17(a), and his or her citizenship should be identified. Until these jurisdictional issues are resolved, I cannot address the parties' motions for summary judgment.

I emphasize that the above information must be stated as of the time this action was commenced, *i.e.*, as of November 18, 2016, because the time for determining diversity of citizenship is the date on which the action was commenced. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004). Thus, for example, if the members of Owens Sales have changed since the time of filing, this change of ownership would not affect jurisdiction. Here, I note that the plaintiffs seem to think that Owens Sales is now owned by Barbara Owens (Ronald's wife) and an unidentified trust. (ECF No. 73-2, ¶ 3.) If this change of ownership occurred after November 18, 2016, it would not affect jurisdiction. However, if Barbara Owens and the trust were the partners

7

or members of Owens Sales as of November 18, 2016, then the trustee must be identified and his or her citizenship disclosed. *See Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (1997) ("because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits"). And of course, Barbara Owens's domicile would also have to be identified.

I now turn to a related matter. After the parties filed their motions for summary judgment, the plaintiffs filed a series of motions relating to a request to amend the complaint. The plaintiffs' latest proposed amended complaint seeks to add Barbara Owens and the trustee as parties in their own right. If I allow the amendment, then the citizenships of Barbara Owens and the trustee would have to be identified—even if they are not also partners or members of Owens Sales—so I can ensure that their presence would not destroy complete diversity. *See Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988). Thus, before the parties submit their supplemental materials relating to the jurisdictional facts, I will address the plaintiffs' motion to amend their complaint and their other, related motions.

The plaintiffs' latest proposed amended complaint is very different from the original complaint. It is much longer, containing 224 paragraphs as compared to the original's 98. The amended complaint also proposes to delete legal theories and add others. Finally, as noted above, it proposes to add two new defendants, Barbara Owens and the trustee. The plaintiffs do not know who the trustee is, and they identify him in the proposed amended complaint as "John Doe Trustee." (Prop. Am. Compl. ¶ 6.)

Under Federal Rule of Civil Procedure 15(a), a court should freely grant leave to amend a pleading when justice so requires. However, a court may deny leave to amend because of undue delay, bad faith by the moving party, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

To the extent that the amended complaint proposes to add factual allegations that are not contained in the existing complaint, or to add or delete legal theories, it is unnecessary. A complaint only needs to contain a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). A complaint does not have to contain every fact that is relevant to the claim. Nor does a complaint have to identify the party's legal theories. *See, e.g., ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016). The defendants concede that the existing complaint contains enough factual detail to satisfy the Rule 8 standard for all claims. (Def. Br. in Opp. at 5, ECF No. 75.) Moreover, the plaintiffs were free to add or delete legal theories in their summary-judgment briefs. Thus, granting leave to amend to add factual detail or to modify legal theories would do nothing but force the defendants to file an unnecessary responsive pleading. Requiring the defendants to file an unnecessary responsive pleading is a form of undue prejudice. Thus, I will not allow the plaintiffs to amend their complaint to include additional factual details or to add, delete, or otherwise modify legal theories.

The plaintiffs' remaining reason for seeking leave to amend is to add claims against Barbara Owens and the unidentified trustee. All of the proposed claims against the trustee, and almost all of the claims against Barbara Owens, arise out of facts that transpired after this case was commenced. The plaintiffs allege that, approximately one

9

month after they filed this case, Barbara Owens transferred assets from Owens Sales to a separate company owned by her and the trust. The plaintiffs allege that the purpose of the transfer was to render Owens Sales an empty shell so that, in the event the plaintiffs prevailed in this suit, it would be judgment-proof. The plaintiffs seek to avoid these transfers as fraudulent conveyances and to enjoin any further transfer of assets from Owens Sales.

Because the proposed claims for fraudulent conveyance against Barbara Owens and the trustee arise out of facts that transpired after the complaint was filed, the plaintiffs require leave to file a *supplemental* complaint rather than an amended complaint. *See* Fed. R. Civ. P. 15(d); *Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). A party has "no absolute right" to file such a complaint. *Chicago Carpenters*, 644 F.3d at 356. Instead, "the district court has substantial discretion either to permit or to deny" leave to file a supplemental pleading. *Id.*

Here, I will not allow the plaintiffs to supplement their complaint to include the claims for fraudulent conveyance. First, these claims are based on entirely different facts than the underlying business dispute at the center of this case. Essentially, the claims for fraudulent conveyance represent an attempt to collect a judgment that hasn't been entered yet (and possibly never will be entered). Allowing the claims to be added now would lead to a sideshow about whether nonparties to the business dispute have unlawfully transferred assets. This, in turn, will delay the resolution of the main case. Moreover, because the plaintiffs could well lose this case on the merits, it makes little sense to litigate the claims for fraudulent conveyance before the merits have been

resolved.  Finally, I note that the plaintiffs have not shown that their claims for fraudulent conveyance could properly be litigated in Wisconsin.  The assets at issue are not located in Wisconsin.  Almost certainly the trustee resides outside of Wisconsin and will not be subject to personal jurisdiction here.  Barbara Owens resides in Texas and has no significant contacts with Wisconsin.  Although the plaintiffs note that Barbara Owens once served as a "creative" for the Mojo Moxy brand, they do not develop an argument showing that this, by itself, could subject her to personal jurisdiction in Wisconsin on a claim that is unrelated to her creative work. (Reply Br. at 7, ECF No. 79.)  Accordingly, the plaintiffs' motion to add the fraudulent conveyance claims to this case will be denied.

I previously noted that "almost all" of the proposed claims against Barbara Owens are based on events that transpired after the original complaint was filed.  This is because the plaintiffs also propose to add a claim against her for tortious interference.  That claim arises out of the meeting in China during which Ronald Owens allegedly accused Cui and Guerard of stealing from him, and during which Ronald Owens allegedly threatened to make false statements to the plaintiffs' customers unless the plaintiffs paid him additional compensation.  The proposed amendment to the complaint alleges that Barbara Owens was present at this meeting and participated in the threatening statements.  For reasons that are not entirely clear to me, the plaintiffs believe that Barbara's making these threats constituted tortious interference with a contract between Cui Enterprises and EastStar.

I will not grant the plaintiffs leave to assert this claim of tortious interference against Barbara Owens at this late stage of the case.  Obviously, if Barbara Owens threatened the plaintiffs during the meeting in October 2015, then the plaintiffs have

11

known of their claim against her since then. But they chose not to bring that claim when they filed their original complaint. Moreover, the plaintiffs did not seek leave to amend to add this claim until after discovery had closed and the deadline for filing dispositive motions had passed. Allowing the plaintiffs to now assert the claim, which they have known about since before this suit was filed, would prejudice both the existing defendants and the court. Discovery would have to be reopened, and Barbara Owens would have to be granted an opportunity to file a motion for summary judgment. This would unduly delay the case and interfere with the court's management of its docket. Accordingly, I will not allow the plaintiffs to amend their complaint to include the claim for tortious interference against Barbara Owens.

Finally, I address the plaintiffs' motion for leave to conduct discovery to identify the John Doe trustee. Because I have denied the plaintiffs' motion to add the trustee as a defendant, the motion to identify him or her is moot. However, I remind the parties that if the trust was a partner or member of Owens Sales as of November 18, 2016, and if the parties wish to remain in federal court under the diversity jurisdiction, then the trustee's identity and citizenship must be disclosed. *See Howell by Goerdt*, 106 F.3d at 218.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that, on or before **May 21, 2018**, the parties shall file either (a) stipulated facts or (b) supplemental memoranda and supporting evidence, to support their respective allegations that I may exercise jurisdiction over their state-law claims under 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED** that the plaintiffs' "motion to resolve defendants' objections to plaintiffs' amended complaint" (ECF No. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motions to amend (ECF Nos. 70 & 73) are **DENIED**.

**FINALLY, IT IS ORDERED** that the plaintiffs' motion for leave to conduct discovery to identify the John Doe trustee (ECF No. 74) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2018.

    s/Lynn Adelman
    LYNN ADELMAN
    District Judge